UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCUS LINTHECOME, | ) | CASE NO. ED CV 19-2228-JGB (PJW) |
| Petitioner, | ) ) ) | ORDER DISMISSING HABEAS CORPUS |
| v. | ) ) | PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF |
| SHERIFF JOHN MCMAHON, ET AL., | ) ) | APPEALABILITY |
| Respondents. | ) ) | |

    Petitioner is currently incarcerated at the High Desert Detention Center in Adelanto, California, following his arrest in October 2019. He has filed a Petition for Writ of Habeas Corpus, presumably pursuant to 28 U.S.C. § 2241, challenging his detention on the grounds that the charges against him are false and that he is the target of a criminal conspiracy among state officials. For the following reasons, the Petition is dismissed without prejudice.

    As a general rule, federal courts do not intervene in ongoing state prosecutions. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) (holding that, except in the "most unusual circumstances," a defendant is barred from challenging his state prosecution in federal court before the "judgment has been appealed from and the case concluded in the

state courts."). Though there are exceptions to this general rule, where, for example, "special circumstances" warrant federal intervention, see, e.g., Braden v. 30th Judicial Circuit Court Of Kentucky, 410 U.S. 484, 489 (1973) (permitting petitioner to seek enforcement of constitutional right to speedy trial three years after he had been indicted in state court); Stow v. Murashige, 389 F.3d 880 (9th Cir. 2004) (upholding double jeopardy challenge brought by pretrial detainee pursuant to § 2241), Petitioner has not shown any such special circumstances here.

Further, although Petitioner contends that the state officials have acted maliciously in prosecuting him, he has not demonstrated that he will be unable to present a defense in the state proceedings based on his allegations of misconduct. See Younger, 401 U.S. at 45 (noting "[t]he accused should first set up and rely on his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection."); see also King v. Horsley, 2003 WL 21692165, at *1 (N.D. Cal. July 16, 2003) (dismissing habeas petition alleging petitioner's due process rights were violated by ongoing police and prosecutorial misconduct and use of false evidence where petitioner had adequate opportunity to present his claims in state proceedings).

For these reasons, the Petition is denied without prejudice and the action is dismissed. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its ruling, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P.

22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED

DATED: April 17, 2020

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\IreneVazquez\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\TERLJ4PQ\Order dismiss.wpd